USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: February 11, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY H. BATTE ET AL, <br><br>                             **Plaintiffs,** <br><br> -against- <br><br> HECLA MINING CO. ET AL, <br><br>                             **Defendants.** | 19-CV-4883 (ALC) <br><br> **MEMORANDUM AND ORDER** |
| ARUN BHATTACHARYA ET AL, <br><br>                             **Plaintiffs,** <br><br> -against- <br><br> HECLA MINING CO. ET AL, <br><br>                             **Defendants.** | 19-CV-5719 (ALC) <br><br> **MEMORANDUM AND ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

    Ahmed Hussein ("Hussein") moves for reconsideration of the Court's March 25, 2020 Order granting the Gluck Family's motion for appointment as lead plaintiff and approving Kaplan Fox & Kilsheimer as lead counsel. For the following reasons, Mr. Hussein's motion for reconsideration (ECF No. 82) is denied.

### BACKGROUND and PROCEDURAL HISTORY

    The Court assumes familiarity with the facts of this case and the Court's previous opinion. ECF No. 80. On March 25, 2020, the Court considered two securities class actions, *Batter et al. v. Hecla Mining Co. et al* and *Bhattacharya v. Hecla Mining Co. et* al- against the Hecla Mining

Company and several of its officers and directors. *Id.* Three competing Plaintiffs moved for lead plaintiff, Mr. Hussein, the Gluck family, and the City of Birmingham Retirement and Relief System. *Id.* The Court then granted the Gluck Family's motion for appointment as lead plaintiff and approved Kaplan Fox & Kilsheimer as lead counsel. *Id.* Additionally, the Court granted the motions to consolidate. Mr. Hussein now moves for reconsideration of the Court's March 25, 2020 Memorandum and Order. Specifically, Mr. Hussein argues that the Court erred in finding that Gluck Family rebutted Mr. Hussein's presumptive adequacy as lead plaintiff. Hussein Mem. of Law at 2–7. Additionally, Mr. Hussein argues that the Gluck Family's Certifications are deficient, thus making them inadequate to serve as lead plaintiff. *Id.* at 7–10.

## DISCUSSION

### I.     Standard of Review

The standard for a motion for reconsideration in the Second Circuit "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995)); *Shalto v. SFL Pizza Corp.*, No. 19 CV 1687, 2020 WL 3960506, at *1 (E.D.N.Y. July 13, 2020). Reconsideration is generally appropriate if the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion". *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curiam). It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *Shrader,* 70 F.3d at 257.

The three grounds for granting a motion for reconsideration are: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Fed. Practice & Procedure, § 4478 at 790); *Kelwin Inkwel, LLC v. PNC Merch. Servs. Co., L.P.*, No. 17 CV 6255, 2019 WL 6134164, at *1 (E.D.N.Y. Nov. 19, 2019). Courts narrowly construe and strictly apply these principles in order to avoid "repetitive arguments on issues that have already been considered fully by the court." *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (citation omitted).

### A. *The Gluck Family rebutted Mr. Hussein's Presumption as Lead Plaintiff*

Mr. Hussein argues that the Court entirely relied on the Frotas matter in finding that the Gluck Family successfully rebutted Mr. Hussein's presumption as lead plaintiff. Hussein's Mem. of Law at 3–5. Mr. Hussein further argues that even proven acts of wrongdoing that do not have an admission of guilt will not to suffice to rebut the lead plaintiff presumption. *Id.* at ¶ 6–7. The Court disagrees.

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within sixty days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3). After notice has been published, the Court is then to consider any motion made by any class member to be appointed lead plaintiff and is to appoint as lead plaintiff the plaintiff that the Court determines to

be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Such a presumption may nonetheless be rebutted upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *Moshell v. Sasol Ltd.*, No. 20 CV 1008, 2020 WL 2115410, at *1 (S.D.N.Y. May 4, 2020)

The Court found in its March 25, 2020 Memorandum and Order that Mr. Hussein was the presumptive lead plaintiff. However, contrary to Mr. Hussein's assertions, the Court considered six events that the Gluck family argued disqualified Mr. Hussein as lead plaintiff. The Court considered the Frotas matter, where Mr. Hussein exercised control over this account when he was a stockbroker with Prudential-Bache Securities in the early 1980s and was sued for mismanaging the account after its balance significantly decreased; second, a tax dispute Mr. Hussein had with the IRS concerning the collectability of certain taxes from 1983 and 1984 that the IRS alleged Mr. Hussein had failed to pay; third, an event that involved Mr. Hussein's role as chairman of the Board of the Middle East Paper Company, where it was alleged that after Mr. Hussein became chairman, the Company's "financial position deteriorated" and it incurred significant losses; fourth, an event that concerned Mr. Hussein's proxy fights with Quality Systems Inc. in which Mr. Hussein accumulated shares of the publicly traded Quality Systems Inc. (QSI). There, the Gluck Family submitted documents

indicating that Mr. Hussein was accused of violating QSI's insider trading policy as a director by holding his shares of QSI stock in margin accounts; fifth, an event that alleged Mr. Hussein's conducting of business through a defunct New York Corporation; and sixth, an event where Mr. Hussein was sued in New Jersey state court in connection with a gambling debt in Atlantic City.

In considering these six events, the Court opined that the Frotas matter involved "the most troubling conduct," but also stated that "all these events raise concerns about Hussein's ability to serve as fiduciary for the class[.]" *See* ECF No. 80 at 13. Mr. Hussein argues that since the six events involve settlements, unproven allegations, and no criminal wrongdoing, the Gluck Family has failed to rebut the presumption. Hussein Mem. of Law at 6.  This, however, is insufficient. Many courts have rejected appointments of lead plaintiffs based on potential risks and potential credibility issues. *See*, *e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623-24 & n.4 (S.D.N.Y. 2015) (rejecting movant with largest individual financial interest where movant's prior "statements would provide fodder" for class certification challenge); *In re Bally Total Fitness Sec. Litig.*, No. 04 CV 3530, 2005 WL 627960, at *6 (N.D. Ill. Mar. 15, 2005) ("The PSLRA . . . provides that we ask simply whether [the movant] is likely to be 'subject to' the unique defense . . . ; we do not have to determine that the defense is likely to succeed."); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) ("Without comment or consideration of Mr. Brown's guilt or innocence as to the underlying charges, this court finds that there is at least a potential that Jamerica will be subject to unique defenses and will not fairly and adequately protect the interests of the class."); *In re Safeguard Scis.*, 216 F.R.D. 577, 582 & n.4 (E.D. Pa. 2003) (finding presumption rebutted where "the issue of credibility," had "potential and likely adverse effect on the putative class' interests" and left the movant "vulnerable to further attacks that would impose an unnecessary disadvantage on the class"); *See also Hallet v. Li & Fung, Ltd.*, Fed. Sec. L. Rep. (CCH) P 99570, 1997 WL 621111, *3 (S.D. N.Y. 1997) (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476, 13 Fed. R. Serv. 3d 846 (S.D. N.Y. 1989) defendants "need not show at the certification stage that the unique defense

will prevail[.]" Thus, the Court finds Mr. Hussein's arguments unpersuasive and finds that the Gluck Family has successfully rebutted Mr. Hussein's presumption as lead plaintiff.

Regarding Mr. Hussein's arguments that The Gluck Family's certifications are deficient, the Court has already considered and rejected Mr. Hussein's arguments in its March 25, 2020 Memorandum and Order. *See* ECF No. 80 at 16–19. In the present case, Mr. Hussein cites the majority of the same cases in support of the argument that The Gluck Family's certifications are deficient. *Compare* Hussein Mem. of Law at 7–10, (citing *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471 (S.D.N.Y. 2016); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128 (S.D.N.Y. 2007); *In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 WL 918535 (D.N.J. Mar. 3, 2015); *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, No. 11-6247, 2012 WL 3638629 (D.N.J. Aug. 22, 2012); *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307 (E.D. Va. 2007); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002)), *with* ECF No. 76 at 1–4, Hussein Sur-reply, (citing same cases).

A motion for reconsideration is an extraordinary remedy. Reconsideration is not granted based on arguments that were already examined and rejected by the Court. Mr. Hussein fails to introduce facts or controlling authority that would "reasonably be expected to alter the conclusion reached by the court[.]" *Shrader*, 70 F.2d at 257. Therefore, the Court denies Mr. Hussein's motion for reconsideration.

**SO ORDERED.**

**Dated:** February 11, 2021
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**