Case 1:19-cv-04883-ALC Document 146 Filed 08/08/25 Page 1 of 10

MANDATE

1:19-cv-04883-ALC

24-2947-cv
*Gluck v. Hecla Mining Co.*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-five.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 8/8/2025

Present:

GERARD E. LYNCH,
MICHAEL H. PARK,
BETH ROBINSON,
*Circuit Judges.*

---

DR. ROBERT GLUCK, EMMA GLUCK, SARA GLUCK,

*Lead Plaintiffs-Appellants*,

v. 24-2947-cv

HECLA MINING CO., PHILLIPS S. BAKER, JR., LINDSAY A. HALL, LAWRENCE P. RADFORD, DEAN W.A. MCDONALD,

*Defendants-Appellees.**

---

FOR LEAD PLAINTIFFS-APPELLANTS: SAMUEL ISSACHAROFF, New York, NY; Robert N. Kaplan, Jeffrey P. Campisi, Kaplan Fox & Kilsheimer LLP, New York, NY.

FOR DEFENDANTS-APPELLEES: GEORGE W. HICKS, JR., Kirland & Ellis LLP, Washington, DC; Steven J. Lindsay, Kirland & Ellis LLP, Chicago, IL.

* The Clerk of Court is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 08/08/2025

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lead Plaintiffs-Appellants Dr. Robert Gluck, Emma Gluck, and Sara Gluck (the "Shareholders") sued Defendants-Appellees Hecla Mining Company ("Hecla") and several of its executives, Phillips S. Baker, Jr., Lindsay A. Hall, Lawrence P. Radford, and Dean W.A. McDonald. The Shareholders assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5, alleging that Hecla and its executives knowingly made false or misleading statements about the company's acquisition of Klondex Mines, Ltd. ("Klondex") in 2018. The district court dismissed the Shareholders' Second Amended Complaint, concluding that the alleged misrepresentations were inactionable puffery, not materially false or misleading, or forward-looking statements falling under the safe harbor provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Shareholders appeal, arguing that eight of the statements are actionable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Legal Standards

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 107 (2d Cir. 2012) (quotation marks omitted). We are "free to affirm an appealed decision on any ground which

finds support in the record." *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999) (quotation marks omitted).

To plead a claim under Section 10(b) and Rule 10b-5, a plaintiff must adequately allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) (quotation marks omitted).

"A complaint alleging securities fraud must also satisfy the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b) and the [PSLRA]." *Anschutz Corp.*, 690 F.3d at 108. "The PSLRA expanded on the Rule 9(b) standard, requiring that securities fraud complaints specify each misleading statement; that they set forth the facts on which [a] belief that a statement is misleading was formed; and that they state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (quotation marks omitted).

## II. Analysis

The Shareholders argue that eight of the alleged statements in the Second Amended Complaint are actionable. We disagree and affirm as to each.

### A. Statement 1

In a March 19, 2018 press release announcing the Klondex acquisition, Hecla's CEO Phillips Baker stated: "We can improve costs, grow reserves and expand production . . . . [S]hareholders can benefit from the 162,000 gold equivalent ounces a year of production." Joint App'x at 944 (emphases omitted).

We affirm the district court's dismissal of claims arising from this statement because the Shareholders fail to plead "the requisite 'strong inference' of scienter." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). Under the PSLRA, a pleading will survive a motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* A plaintiff can meet this standard by alleging (1) that the defendants "had both motive and opportunity to commit fraud" or (2) "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001) (quotation marks omitted).

The Shareholders fail to allege sufficient facts to show that Baker "had both motive and opportunity to commit fraud." *Kalnit*, 264 F.3d at 138 (quotation marks omitted). Their theory of motive is that Hecla executives bought Klondex for $462 million despite knowing that it was failing in order to avoid paying a premium to refinance $500 million in outstanding debt. *See* Joint App'x at 945, 989. Because that theory is implausible, the Shareholders "fail[] to demonstrate that defendants had a motive to defraud the shareholders." *Kalnit*, 264 F.3d at 143.

The Shareholders also fail to allege "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Kalnit*, 264 F.3d at 138 (quotation marks omitted). They allege that Hecla and its executives disregarded "a multitude of material, negative problems" with the Klondex mines. Joint App'x at 987. They rely on the allegations of confidential informants "who possessed first-hand knowledge and who had direct contact with Defendants." Appellants' Reply Br. at 24. But "[w]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information."

*Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). The Shareholders fail to allege that Baker knew of trouble with the mines before announcing the acquisition. Even if the Shareholders had alleged that Baker knew about the informants' critical assessments in March 2018—which they did not—they failed to allege that Baker believed that those assessments were true. Baker explicitly stated that he relied on Klondex's most recent estimates of potential productivity, which were consistent with his projection. So the Shareholders' scienter allegations fall short because the possibility that Baker did not know or simply disagreed with the informants' views is "at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc.*, 551 U.S. at 324.

B. Statement 2

On a May 10, 2018 conference call, Baker told analysts and investors: "[W]e saw three large, in this case, Nevada properties as big as those that we already have, and we saw extraordinary grades." Joint App'x at 947 (emphasis omitted).

We affirm the district court's dismissal of claims arising from this statement because it is non-actionable puffery. Unlike "specific, factual" statements, "vague descriptions [that] offer only generally optimistic opinions" are not actionable under Section 10(b) and Rule 10b-5. *In re Synchrony Financial Sec. Litig.*, 988 F.3d 157, 170 (2d Cir. 2021). A speaker engages in puffery when he claims to be "pretty confident" and "pretty positive" about the future or makes "[v]ague positive statements regarding a corporate entity's risk management strategy, asset quality, and business practices." *Id.* Such statements "are too general to cause a reasonable investor to rely upon them." *Id.* (quotation marks omitted).

Baker's claim about "extraordinary grades" is puffery because it is a vague positive statement about the quality of the ore at the Klondex mines. In context, "grade" refers to gold-equivalent ounces per ton of ore, not its profitability, as the Shareholders acknowledge in their Second Amended Complaint. *See* Joint App'x at 909 ("While refractory ore may be high grade, the costs to extract that gold can be astronomical."). But the Shareholders fail to distinguish "extraordinary" from "non-extraordinary" grades of ore. Nor do they allege that the ore was of particularly low grade. The Shareholders instead insist that the phrase "extraordinary grade" implied that the mines would be economically profitable, but that is not its industry meaning. In any event, Baker's general statement of positivity about asset quality and business practices is puffery on which no reasonable investor could rely.

C. Statement 3

On a May 10, 2018 conference call, Hecla's head of exploration Dean McDonald stated:

> I'm very excited about the exploration opportunities in northern Nevada once the acquisition of Klondex is concluded . . . . [I]t is rare that you can acquire 110 square miles of exploration ground in northern Nevada that lies within or at the intersection of prolific trends or rifts. They have a great team of geologists, with a significant understanding of the properties, and we look forward to working together to realize the potential of this ground.

Joint App'x at 948 (emphases omitted).

As with Statement 2, we affirm the dismissal of claims arising from this statement because it is puffery. No reasonable investor would rely on vague positive statements about an executive's "excitement," "prolific trends," "great" teams, or the "potential" of land. *See In re Synchrony*, 988 F.3d at 170. This is especially true where, as here, the optimism focuses not on the present productivity of the existing mines, but on the "exploration opportunities" of a large

piece of land in a *region* about which the potential productivity is the subject of McDonald's hopes. Joint App'x at 948.

D. Statement 4

In a July 23, 2018 press release, Baker stated:

> With this acquisition, Hecla now has three high-grade mines in Nevada, one of the best mining districts in the world. . . . These assets immediately add production and cash flow, and because they are a good fit with Hecla's expertise, we believe there is significant opportunity for improvement in the mines' productivity and consistency.

Joint App'x at 953 (emphases omitted).

We affirm the dismissal of claims arising from this statement because the allegations in the Second Amended Complaint do not raise a plausible inference that the statement is materially false or misleading. The Shareholders do not adequately allege that the first clause, concerning "three high-grade mines in Nevada," is false or misleading. As explained above, the term "grade" refers to gold-equivalent ounces per ton of ore, not the profitability of extraction. But Shareholders fail to allege that the Klondex mines did not, in fact, possess "high-grade" ore.[1]

The Shareholders also fail to allege that the second clause, concerning "production and cash flow," was materially false or misleading. The Shareholders contend that Baker "fail[ed] to disclose known, material negative facts and conditions that cut against his positive representations." Joint App'x at 953. But the fact that conditions were worsening does not mean that the acquisition did not add some production and cash flow. The Shareholders do not allege any facts to suggest that the Nevada mines were unproductive or cash-flow negative in July

[1] To the contrary, Hecla's data showed that two of the three mines were among the top ten highest-grade mines in North America in terms of gold-ounces per ton. *See* Appellees' Br. at 34.

2018. Indeed, they acknowledge that the largest mine—Fire Creek—generated $35-50 million of positive cash flow in 2018. *See id.* at 915.

E. Statement 5

An October 3, 2018 corporate-update slide deck represented: "Fire Creek Vein Networks Offer Extensive Opportunities. . . . Current reserves and resources provide mining inventory out to 2023." Joint App'x at 958 (emphasis omitted). Hecla repeated these statements in press releases published in November and December 2018 and January 2019.

We affirm the dismissal of claims based on this statement because it is not adequately alleged to be materially false or misleading. The statement referred to reserves *and resources*. Unlike "reserves," the term "resources" refers to all mineral deposits regardless of extraction costs. *See* Joint App'x at 850 (Hecla's February 14, 2019 Form 8-K) (noting that "'resource' does not equate to the term 'reserve.'"). But the Shareholders allege only that Hecla had information that "life of mine"—which the Shareholders acknowledge refers to "the amount of inferred and proven *reserves* left to mine"—would run dry in three years, or around 2021. Joint App'x at 915-16, 958 (emphasis added). The Shareholders thus fail to allege that Baker's statement about reserves and resources in inventory was materially false or misleading.

F. Statement 6

In a November 8, 2018 press release, Baker stated: "[W]e don't believe we will need to make significant new financial investment to put the mine on the same improvement path that we have seen at Greens Creek and Casa Berardi." Joint App'x at 959.

We affirm the dismissal of claims based on this statement because it is not adequately alleged to be materially false or misleading. The Shareholders allege that a confidential

informant had told Baker and other executives that Fire Creek would need at least $12-14 million in additional investments in or around September 2018. But Baker made this November 2018 statement in the context of disclosing a $19.5 million investment in the Klondex mines, which rendered the informant's September 2018 estimate obsolete. The Shareholders do not allege that Hecla or its executives knew that the company would need to invest even *more* in the mines, so this statement was not materially false or misleading.

G. <u>Statement 7</u>

On a December 4, 2018 conference call, Hecla's CFO Lindsay Hall stated: "There's no major capital expenditures that we can't fund out of the Nevada operations. So we're really quite pleased with the transaction." Joint App'x at 963 (emphasis omitted).

We affirm the dismissal of claims arising from this statement because the Shareholders fail to plead the requisite inference of scienter. The Shareholders allege that a confidential informant told Hecla executives in September 2018 that the Nevada mines would require substantial capital and operational costs. But they do not allege facts showing that even after investing $19.5 million in the mines by November 2018, Hecla executives knew they would need to invest more to be able to fund capital expenditures out of the Nevada operations. And even if the Shareholders had alleged that an employee subsequently told Hall that those investments were not enough, they do not allege that Hall believed that to be true. The possibility that Hall believed that the $19.5 million investment was enough to continue funding expenditures out of the Nevada operations is "at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc.*, 551 U.S. at 324.

H. Statement 8

A January 23, 2019 conference slide deck stated: "Mine Life at our most important mines are long and getting longer." Joint App'x at 964 (emphasis omitted).

We affirm the dismissal of claims based on this statement because it is not adequately alleged to be materially false or misleading. The statement refers to Hecla's portfolio generally, not specifically to the Klondex mines, and the Shareholders do not allege that the Klondex mines were among Hecla's "most important mines." Accordingly, the Shareholders fail to allege that this statement was materially false or misleading in the context of Hecla's general operations.

* * *

We have considered the remainder of the Shareholders' arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES SECOND CIRCUIT COURT OF APPEALS